UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

STATE FINANCIAL BANK, NA,
f/ka State Financial Bank,

        Plaintiff,

        v.                        Case No. 04-C-0188

THE TRAVELERS INDEMNITY
COMPANY,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On February 4, 2004, plaintiff State Financial Bank (SFB) sued defendant The Travelers Indemnity Company (Travelers) in Milwaukee Circuit Court for breach of insurance contract. Then, on February 23, 2004, defendant removed the lawsuit to federal district court. Before the court are the parties' cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion for summary judgment will be granted, and defendant's motion for summary judgment will be denied.

**FINDINGS OF FACT**

On March 13, 2001, Larcen Henley purchased a property with the mortgage funds provided by SFB. (Cecilia Aff., ¶ 16.) Under the terms of the mortgage, Henley deposited funds into an escrow account, from which SFB paid premiums on Henley's homeowner's insurer, American Family. (*Id.,* ¶¶ 17, 18.) Additionally, SFB had a Mortgage Protection Insurance Policy with Travelers. (*Id.,* ¶ 6.)

In the summer of 2002, SFB failed to pay Henley's annual insurance premium for the American Family policy. *(Id.,* ¶ 19.) As a result, on June 17, 2002, American Family mailed a cancellation notice to SFB, who failed to rectify the omission or obtain force-placed insurance. ( Id., ¶¶ 21, 24, 25.) Subsequently, American Family sent SFB a letter stating that Henley's homeowner's insurance was effective from July 2, 2002, until cancelled. (Ertz Aff., Ex. 3, ¶ F.) Finally, on August 16, American Family sent SFB another cancellation notice stating that the policy will be canceled as of August 31, 2002, absent premium payments on the account. (Cecilia Aff., ¶ 30.) SFB did not receive the notice (*Id.,* ¶ 32.)

On December 14, 2002, Henley's home and personal property were damaged severely by a fire. *(Id.,* ¶ 35.) SFB learned of the fire on December 17, 2002. (*Id.,* ¶ 37.) Then, on January 9, 2003, SFB notified its Travelers policy broker JJ&M of a potential claim. *(Id.,* ¶ 39, Ex. J.) However, SFB still believed that American Family coverage was in place. (Ertz Aff., Ex. 4, ¶ 12.) JJ&M advised SFB to see through its negotiations with American Family before submitting a claim to Travelers. (Cecilia Aff., ¶ 40, Ex. J.) On March 11, 2003, American Family notified SFB that it was not going to pay for the damage to Henley's property. (*Id.,* ¶ 47.) Two days later, on March 13, 2003, SFB entered a settlement agreement with Henley, according to which SFB paid for her personal property loss, and Henley assigned to SFB all of her claims to recovery for damage to her personal property. (*Id.,* ¶ 46.) Finally, on April 9, 2003, SFB filed a claim with Travelers. (Compl., ¶16.) The claim was denied on May 16, 2005. (Cecilia Aff., ¶ 50.)

The following Travelers policy provisions are relevant to the case. First, Section A(2) of the policy, titled "Liability of Assured in Procuring or Maintaining Borrowers Insurance Policies," requires SFB to maintain a borrower's insurance policy. Second, the "Declarations"

2

section of the policy requires SFB to have a system to check for a continued existence of a borrower's insurance. (Ertz Aff., Ex. 7, p. 3.) Third, SFB must notify Travelers of a loss as soon as practicable. (*Id.*) Fourth, Condition c of the policy states:

> With respect to the Assured's mortgage interest in property, the maximum period of coverage under Section A of this Policy shall be limited to 90 days from the date the Assured first becomes aware that the coverage required of the mortgagor is not in force.

*(Id.*, Ex. 7, p. 11.) Fifth, Condition d of the policy states that

> With respect to the Assured's mortgage interest in property, where the Assured is understood by The Travelers not to maintain a system to check that the coverages required of its mortgagor are not in force, the maximum period of coverage under Section A of this policy shall be limited to 90 days from the date the Assured first had actual notice that the coverage required of the mortgagor was not in force.

*(Id.)* Finally, SFB must "keep losses, costs, and expenses" at a minimum. (*Id.*, Ex. 7, p. 12.)

## DISCUSSION

I. Summary Judgment Standard

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating its entitlement to summary judgment. *Id.* at 323. Once this burden is met, the nonmovant must designate specific facts to support or defend its case. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a

3

summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48.

The term "material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. A genuine issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Because the parties in this case have filed cross-motions for summary judgment, many facts are not contested. When no genuine issue of material fact exists, the sole question is whether the moving party is entitled to judgment as a matter of law. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996).

Nevertheless, when both parties have moved for summary judgment, both are required to show no genuine issues of material fact exist, taking the facts in the light most favorable to the party opposing each motion. If genuine issues of material fact exist, neither party is entitled to summary judgment. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983). That both parties have moved for summary judgment, and contend simultaneously that there is no genuine issue of fact, does not establish that a trial is unnecessary or empower the court to enter judgment as it sees fit. *See* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2720, at 327-28 (3d ed.

1998). Moreover, cross motions for summary judgment do not constitute a waiver of a trial. *See Miller v. LeSea Broad., Inc.*, 87 F.3d 224, 230 (7th Cir. 1996) (Posner, C.J.).

The proper procedure is to assess the merits of each summary judgment motion independently. *See Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. Failure of one party to satisfy that burden on its own motion does not indicate automatically that the opposing party has satisfied its burden and must be granted summary judgment on the other motion. *See* 10A Wright, *supra*, at 335.

II.  Plaintiff Fulfilled Requirements of Insurance Policy

The dispute in this action requires the interpretation of an insurance policy. Under Wisconsin law, "[t]he construction of words and phrases in insurance policies is generally a matter of law and is controlled by the same rules of construction as are applied to contracts generally." *Kremers-Urban Company v. American Employers Insurance Co.*, 117 Wis.2d 722, 735 (1984). Additionally, "[w]hether ambiguity exists in a contract is a question of law." *Id.* Finally, "[w]here no ambiguity exists in the terms of the policy, [courts] will not engage in construction, but will merely apply the policy terms." *Id.* at 736. For the reasons discussed below, the court finds that no ambiguity exists, and that plaintiff is entitled to coverage.

As noted earlier, Travelers must indemnify SFB for its mortgage interest loss if (1) SFB maintains a borrower's insurance policy; (2) SFB has a system to check for the continued existence of borrowers' insurance; (3) SFB notifies Travelers of the loss as soon as practicable; and (4) SFB keeps its loss to a minimum. (Ertz Aff., Ex. 7, p. , 12.) Also,

5

coverage exists for 90 days after SFB becomes aware or – if SFB does not have a system to check for a continued existence of borrowers' insurance – had actual notice of a lapse in a borrower's insurance. (*Id.* at 11.)

Travelers does not dispute that SFB maintained a borrower's insurance policy until it lapsed due to non-payment of the premiums. However, it argues that, to qualify for coverage, SFB had to make a claim within 90 days after it became aware or had actual notice of the lapse.[1]  (Def. Br. in Supp., p. 12.)  Additionally, Travelers states that its policy "expired 90 days after State Financial became aware or had actual notice" of the lapse. *Id.* Thus, Travelers' construction of its policy is that SFB is covered for a lapse in a borrower's insurance for 90 days *and* SFB must make a claim within the same 90 days.

Plain text of the policy does not support Travelers' interpretation. Undisputedly, the qualified event must occur while coverage exists, but the notification may occur even after the coverage ends. Indeed, the policy plainly states that "the maximum period *of coverage* under Section A . . . shall be limited to 90 days" after SFB becomes aware or receives actual notice of a lapse. (Cecilia Aff., Ex. A, p. 11.)  Sections c and d – discussing the coverage period – are silent on the subject of notice.

In this case, according to the undisputed facts, SFB was notified by American Family that Henley's coverage would end on July 2, 2002. Under the Travelers policy, that notice started a 90-day clock, which would expire on September 30, 2002. Then SFB

---

[1]Travelers takes conflicting positions on whether SFB was covered for 90 days following its awareness of a lapse or actual notice of a lapse. *Compare* Def. Br. in Support, p. 12 (stating that "the critical issue is when State Financial became aware that it failed to pay the annual premium on Henley's homeowners (sic) insurance") with Def. Br. in Opposition, p. 5 (stating that, because American Family cancelled its policy in August 2002 due to the non-payment of premiums, and SFB failed to correct the oversight for over three months, "it is clear that SFB did not maintain a reasonable system to check that all homeowner's (sic) insurance policies remained in force." As the court will demonstrate below, that distinction is irrelevant.

6

received a notice that the policy was effective from July 2, 2002, until cancelled. That notice stopped the clock, because SFB had good reason to believe that Henley's property was covered. American Family's second cancellation notice, dated August 16, stated that coverage would terminate on August 31, 2002. Had SFB received it, the clock would have started again, but the undisputed facts establish that SFB never received the second notice. Thus, SFB never became aware or received actual notice of a lapse until *after* the fire occurred. Therefore, the 90-day clock had not even begun to run at the time of the fire. Consequently, the Travelers policy was in effect at that time.

Next, the court will address the Travelers policy notice provision. The policy's notice requirement is in two sections. The first is titled "Conditions Applying to Sections A(2), B(1), B(3), B(4), and B(5) Hereof," and the second is titled "General Policy Conditions All Sections" (Cecilia Aff., Ex. B., pp. 10, 15.) Both require that notice of a loss be given "as soon as practicable." (*Id.*) In the time between the fire on Henley's property and American Family's final denial of claim, SFB was negotiating with American Family, as advised by its broker JJ&M, and working on minimizing the damage to the property – another condition of recovery under the Travelers policy. (*Id.*, ¶¶ 40, 42, 45.) American Family denied the claim on March 11, 2003, and SFB filed a claim with Travelers on April 9, 2003, i.e., within a month of verifying that American Family declined to pay. (*Id.*, ¶ 47, Compl. ¶ 16.) Travelers concedes that a notification within a month of the fire would have been sufficient. (Def. Br. in Support, p. 17.) Because this court has ruled that it was reasonable for SFB to wait until the final word from American Family, the notification within a month of the denial of the claim with American Family satisfies the "as soon as practicable" requirement of the Travelers policy.

Therefore,

7

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that the parties appear at a status conference on **Monday, April 17, 2006, at 10:00 a.m.** in Courtroom 222, U. S. Courthouse, 517 East Wisconsin Ave., Milwaukee, Wisconsin, to discuss final disposition of this case, including determination of damages.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge